**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| STUDENT DOE, et al., | |
| *Plaintiffs,* | CIVIL ACTION |
| v. | NO. 22-14 |
| ABINGTON FRIENDS SCHOOL, | |
| *Defendant.* | |

**PAPPERT, J.**                                            **August 16, 2023**

<u>**MEMORANDUM**</u>

Plaintiffs filed an amended petition to approve the settlement of this case involving claims under Title VI, Section 504 of the Rehabilitation Act and Pennsylvania law. (Pls.' Am. Pet. to Approve Settlement, ECF 36.) The petition is unopposed, and the Court approves the proposed settlement and its allocation and distribution.

I

The Plaintiffs allege that Abington Friends School mishandled complaints that Student Doe was being bullied and failed to provide Student Doe with appropriate learning disability accommodations. Defendants have agreed to settle the claims against them for a gross settlement amount of $150,000. Plaintiffs seek the following allocation: (1) $111,300 to Mother Doe and Father Doe to reimburse them for tuition, medical expenses and tutoring costs and (2) $38,700 to Student Doe for payment of tuition and costs related to the child's enrollment at Jack Barrack Hebrew Academy for the 2023–2024 school year. (Pls.' Am. Pet. to Approve Settlement ¶¶ 39–40.)

II

Rule 41.2(a) of the Local Rules of Civil Procedure for the Eastern District of

Pennsylvania provides that "[n]o claim of a minor . . . shall be compromised, settled, or

dismissed unless approved by the court." This rule is procedural and does not provide a

substantive rule of decision. Federal courts look to state law to determine the fairness

of a minor's compromise in a federal civil rights action. *Nice v. Centennial Area Sch.*

*Dist.*, 98 F. Supp. 2d 665, 669 (E.D. Pa. 2000). Pennsylvania Rule of Civil Procedure

2039(a) similarly provides that "[n]o action to which a minor is a party shall be

compromised, settled, or discontinued except after approval by the court pursuant to a

petition presented by the guardian of the minor." "[I]n considering whether to approve

[the] settlement, the Court is charged with protecting the best interests of the minor."

*Nice*, 98 F. Supp. 2d at 669.

A

First, the Court must determine whether to approve the total settlement

amount. When determining the "fair value of the lawsuit," the Court typically gives

"considerable weight" to the judgment of counsel and the parties. *Matter of McLean*

*Contracting*, No. 14-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (citation

omitted). Experienced counsel negotiated the settlement at arm's length and in good

faith with the assistance of Magistrate Judge Thomas J. Rueter (Ret.) at JAMS. The

parties engaged in significant discovery before reaching their settlement and

understood the pertinent facts and law. Additionally, Plaintiffs' counsel described, in a

telephone conference held on the record (ECF 38) the considerations underlying the

settlement, including the effect of continued litigation on the child's mental and

emotional wellbeing, the uncertainty of success on the Title VI and Section 504 claims, the costs of continued litigation, and the value to the Plaintiffs of the nonmonetary remedies. (ECF 38.) The Court's independent review of the case confirms that the $150,000 settlement is adequate given the nature of the injuries alleged, the value of the nonmonetary relief to the child, and the uncertainty of a litigated outcome.

B

The Court must also independently review the settlement's proposed distribution. *Calvert v. Gen. Acc. Ins. Co.*, No. 99-3599, 2000 WL 124570, at *6 (E.D. Pa. Feb. 2, 2000). Three-quarters of the fund, $111,300, is to be distributed to Mother and Father Doe: $33,653 to reimburse them for mental health treatment costs paid on Student Doe's behalf; $3,472 as partial (77%) reimbursement of tutoring costs paid on Student Doe's behalf; and $74,175 to reimburse Mother and Father Doe for tuition paid to AFS "related to Plaintiffs' breach of contract claims." (Pls.' Am. Pet. to Approve Settlement ¶ 39.) The remaining balance, $38,700, will be distributed for payment of Student Doe's tuition at Jack Barrack Hebrew Academy for the 2023–2024 school year. (*Id.* at ¶ 40.) This proposed distribution is fair. The $74,175 tuition refund represents a settlement of the state law contract claims brought by Mother and Father Doe in their individual capacities. The remainder of the distribution to Mother and Father Doe reimburses them for expenses incurred for the care and benefit of Student Doe. Payment of Student Doe's tuition for the upcoming school year directly benefits the child by providing "a supportive educational environment that will meet Student Doe's unique needs." (Pls.' Br. in Supp. of Mot. to Approve Settlement 8.) Furthermore, as counsel explained during the on-the-record telephone conference, the nonmonetary

aspects of the settlement—particularly the letter of regret from the head of school—

significantly benefit Student Doe by providing the child the opportunity for closure.[1]

An appropriate Order follows.

BY THE COURT:

**_/s/ Gerald J. Pappert_**

GERALD J. PAPPERT, J.

---

[1]    The parties made minor changes to language in the General Release (ECF 39) as a result of discussion in the telephone conference with the Court.